IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTIAN HORWATH, | ) | |
| | ) | |
| Plaintiff, | ) | Case No._____ |
| | ) | |
| v. | ) | |
| | ) | |
| NORTHSTAR LOCATION SERVICES, LLC, | ) | <u>Jury Demanded</u> |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Christian Horwath, brings this action to secure redress for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") in connection with unlawful collection practices engaged in by Defendant Northstar Location Services, LLC.

## VENUE AND JURISDICTION

1. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1337, and 15 U.S.C. § 1692k.

2. Venue is proper here under 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this District.

## PARTIES

3. Plaintiff Christian Horwath ("Plaintiff") is a consumer as defined at 15 U.S.C. § 1692a(3) of the Fair Debt Collection Practices Act ("FDCPA"), who resides in Illinois.

4. Defendant Northstar Location Services, LLC ("Defendant") is a

corporation engaged as a "debt collector" as defined at 15 U.S.C. § 1692a(6) of the FDCPA, and is engaged in the business of collecting debts in this State where Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and whose principal purpose is the collection of delinquent consumer debts using the mails and telephone.

## FACTS COMMON TO ALL COUNTS

5. On repeated occasions within the past year prior to the filing of this Complaint, agents or employees of Defendant placed telephone calls to Plaintiff's brother at his Naperville, Illinois home telephone number of (630) 428-XXXX, with each call being made in connection with the collection of a defaulted debt owed to Discover Financial Services ("Discover").

6. Said agents or employees of Defendant would repeatedly leave messages on Plaintiff's brother's voice mail informing him that Defendant was attempting to collect a debt from Plaintiff, requesting a call back to various extensions associated with telephone number (866) 224-9825.

7. The telephone number of (866) 224-9825 belongs to or is used by Defendant.

8. Plaintiff did not live in the same city as his brother, and did not share the same telephone number as his brother.

9. Defendant's agents or employees did not state, during any of the messages they left on Plaintiff's brother's home telephone answering machine, that they are confirming or correcting location information concerning Plaintiff.

10. During each message, Defendant's agents or employees informed Plaintiff's brother that Plaintiff owes a debt.

11. Plaintiff did not give Defendant or Discover consent to communicate with his brother regarding the alleged debt.

12. Plaintiff found out about the calls when his brother called him to tell him that Defendant was leaving messages at the brother's house regarding a debt Defendant said was owed by Plaintiff.

13. Defendant knew that Plaintiff did not live with his brother in Naperville, Illinois, as Discover (the creditor that hired Defendant to collect the alleged debt) would mail account statements to Plaintiff at his address in Yorkville, Illinois before Plaintiff defaulted on his obligation.

14. "The FDCPA requires debt collectors to send consumers a written validation notice containing certain information within five days of the initial communication." *Olson v. Risk Management Alternatives, Inc., 366 F.3d 509*, 511 (7th Cir. Ill. 2004); See also *Sims v. GC Servs. L.P.*, 445 F.3d 959, 962 (7th Cir. Ill. 2006); *McKinney v. Cadleway Props., Inc.,* 548 F.3d 496,502-03 (7th Cir. Ill. 2008) .

15. The notice must include the amount of the debt, 15 U.S.C. § 1692g(a)(1), the name of the creditor, 15 U.S.C. § 1692g(a)(2), and a statement explaining that unless the debtor, within 30 days of receiving the notice, "disputes the validity of the debt … the debt will be assumed to be valid by the debt collector". 15 U.S.C. § 1692g(a)(3).

16. The notice must also disclose that, if the debt collector receives written request from the debtor within 30 days of receiving the notice, it will provide verification

of the debt, 15 U.S.C. § 1692g(a)(4), and will provide the name and address of the original creditor if it differs from the current creditor, 15 U.S.C. § 1692g(a)(5).

17. The notice must further disclose that, if the debtor notifies the debt collector within the 30-day period that the debt is disputed or requests the name and address of the original creditor, then the debt collector "shall cease collection of the debt" until the debt collector obtains verification of the debt or the name and address of the original creditor and the requested information is mailed to the debtor. 15 U.S.C. § 1692g(b).

18. Defendant did not, within 5 days of its initial communication with Plaintiff regarding the alleged debt, mail him a written validation notice containing the information required to be communicated by 15 U.S.C. § 1692g.

19. In fact, Defendant did not mail Plaintiff any written correspondence relating to the alleged debt.

20. Plaintiff was embarrassed as a result of Defendant' act of informing his brother that he owed a debt, and he suffered emotional distress as a result.

21. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. <u>Gammon v. GC Services, Ltd. Partnership</u>, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I-VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.

22. Plaintiff incorporates paragraphs 1-21.

23. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. § 1692, in one or more of the following ways:

    a)      Defendant violated 15 U.S.C. § 1692b(1) by failing to state that it was confirming or correcting location information concerning the Plaintiff;

    b)      Defendant violated 15 U.S.C. § 1692b(2) by informing Plaintiff's brother that Plaintiff owes an alleged debt;

    c)      Defendant violated 15 U.S.C. § 1692b(3) by communicating with Plaintiff's brother more than once regarding the alleged debt;

    d)      Defendant violated 15 U.S.C. § 1692c(b) by communicating with Plaintiff's brother regarding the alleged debt without obtaining consent from Plaintiff;

    e)      Defendant violated 15 U.S.C. § 1692f by contacting Plaintiff's brother and informing him of the alleged debt in an attempt to induce Plaintiff to pay the alleged debt by causing him embarrassment and distress;

    f)      Defendant violated 15 U.S.C. § 1692g by failing to provide Plaintiff with notice of his validation rights within 5 days after the initial communication with Plaintiff relating the collection of the alleged debt;

24.     As a direct and proximate result of one or more of the statutory violations above, Plaintiff has suffered actual damages, including but not limited to emotional distress, anxiety, and worry.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant, for the following:

    (a)    Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k;

    (b)    Actual damages suffered by the Plaintiff;

    (c)    Plaintiff's attorney fees and costs;

    (d)    Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff hereby demands trial by jury in this action.

Respectfully submitted,

By: /s/ Mario Kris Kasalo
Mario Kris Kasalo
The Law Office of M. Kris Kasalo, Ltd.
20 North Clark Street, Ste. 3100
Chicago, IL  60602
Tel.  312-726-6160
Fax.  312-698-5054

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.